J. A29014/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| W. CHRISTOPHER GRIFFITH, PERSONAL REPRESENTATIVE OF THE ESTATES OF KIMBERY A. GRIFFITH, BRENNA C. GRIFFITH AND MIKAELA E. GRIFFITH, AND NICHOLAS SAFLIN, PERSONAL REPRESENTATIVE OF THE ESTATE OF MARY SAFLIN, DECEASED | : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| V. | : : : | |
| CITY OF PITTSBURGH, PITTSBURGH WATER AND SEWER AUTHORITY, COUNTY OF ALLEGHENY, ALLEGHENY COUNTY SANITARY AUTHORITY, CHESTER ENGINEERS, INC., PENNSYLVANIA DEPARTMENT OF TRANSPORTATION, COMMONWEALTH OF PENNSYLVANIA AND CHRYSLER GROUP, LLC | : : : : : : : : : : | No. 241 WDA 2016 |
| APPEAL OF: NICHOLAS SAFLIN | : | |

Appeal from the Order Entered January 19, 2016
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD No. 13-2219

BEFORE: DUBOW, J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:               **FILED DECEMBER 9, 2016**

Appellant, Nicholas Saflin, Administrator of the Estate of his mother,

Mary Saflin, appeals from the December 17, 2013 Order[1] sustaining the

---

[1] The December 17, 2013 Order became final and appealable on January 19, 2016, when the trial court entered an Order severing Appellant's claims from those of W. Christopher Griffith, and settling and discontinuing Appellant's

Preliminary Objections that Chester Engineers, Inc. ("Chester") filed and dismissing the Complaint with prejudice. After careful review, we affirm in part, reverse in part, and remand with instructions.

This action arose from the August 19, 2011 drowning deaths of Appellant's decedent and three other people, Kimberly, Brenna, and Mikaela Griffith, as the result a flash flood on Washington Boulevard in Pittsburgh. Appellant and the personal representative of the Griffiths filed an eight count Complaint in negligence against Chester, Chrysler Group, LLC, and various state and local governmental agencies.

In his Complaint against Chester, Appellant alleged that for more than ten years, Chester acted as consulting engineer and construction manager for the Pittsburgh Water and Sewer Authority and for more than twenty years as the consulting engineer and construction manager for the Allegheny County Sanitary Authority (collectively referred to as the "Governmental Agencies"). Complaint, 2/1/13, at ¶¶ 47, 96. Appellant further alleged that Chester negligently breached its consulting engineering contracts with the Governmental Agencies by failing to provide reports outlining necessary maintenance and repairs to the sewer and water systems in the City of Pittsburgh. This failure, Appellant concluded, caused the death of Appellant's decedent. *Id.* at ¶¶ 97.

---

claims against all Governmental Agency defendants. *See* Pa.R.A.P. 341(b)(1).

In particular, Appellant alleged that Chester owed a duty to the Appellant's decedent as a result of two Trust Indentures dated July 1, 1997, and October 15, 1993, that the Governmental Agencies entered into with PNC ("Trust Indentures"). The Trust Indentures focused on the parties' responsibilities after the issuance of municipal bonds to finance the construction and maintenance of Pittsburgh's water and sewer system. Included in the Trust Indentures is the obligation of the Governmental Agencies to retain a consulting engineer to inspect and maintain the water and sewer system at issue. *Id.* at ¶ 48.

Although Chester was not a party to the Trust Indentures, Appellant averred in the Complaint that the Trust Indentures imposed upon Chester the duty to inspect and maintain the water and sewer system at issue. *Id.* at ¶ 99; *see also* Trust Indenture, 7/1/97, at Section 7.11; Trust Indenture, 10/15/93, at Section 7.11.

Appellant further averred that Chester failed to make recommendations to the Governmental Agencies in its annual reports regarding "measures that should be taken [ ] to protect against the life-threatening condition documented by the 60-year history of dangerous flooding on Washington Boulevard." Complaint at ¶ 100.

Chester filed Preliminary Objections on the grounds that it owed no duty to Appellant's decedent, and even if Chester owed a duty to the

Appellant's decedent, the alleged breach of such duty did not cause the flooding.

On December 17, 2013, the trial court sustained Chester's Preliminary Objections and dismissed all claims in the Complaint against Chester. Rather than providing the Appellant with the opportunity to amend the allegations against Chester in the Complaint, the trial court dismissed the claims against Chester with prejudice.

The trial court sustained the Preliminary Objections generally for two reasons. First, the trial court concluded that the Appellant failed to allege sufficient facts to establish that Chester had a "duty" to the Appellant. In particular, the trial court found that since it was only the Governmental Agencies, and not Chester, who were parties to the Trust Indentures, the Trust Indentures did not impose a "duty" on Chester to provide information to the Governmental Agencies about the maintenance of the water and sewer systems. Trial Ct. Op., 12/17/2013, at 10-12. The trial court also concluded that case law imposing a duty on professional service providers to third parties was inapplicable to the instant facts.

The trial court also sustained the Preliminary Objections because it found that Appellant could not establish causation. It reasoned that, even if Chester had a duty to report the problems about the water and sewer systems in its reports, the Governmental Agencies "never relied upon Chester's failure to offer advice and recommendations." *Id.* at 11. The trial

- 4 -

court based its conclusion upon Appellant's Complaint that "painstakingly describe[d] a history of notice and neglect with respect to dangerous conditions on Washington Boulevard on the part of the [Governmental Agencies.]" ***Id.***

On January 19, 2016, the trial court entered an Order severing Appellant's claims from those of the personal representative of the Griffiths. The Order also settled and discontinued Appellant's claims against all Government Agency defendants. Consequently, the December 17, 2013 Order sustaining Chester's Preliminary Objections and dismissing with prejudice the claims in the Complaint against Chester—the only outstanding order in this case—became final. Appellant timely appealed.

**Issue on Appeal**

Appellant presents the following issue on appeal: "[W]hether [the trial court] erred in law or abused his discretion in sustaining Chester's demurrer." Appellant's Brief at vi.

**Standard of Review**

A trial court properly sustains preliminary objections in the nature of a demurrer when the Complaint is legally insufficient. ***Hill v. Olfat***, 85 A.3d 540, 547 (Pa. Super. 2014). The court must resolve the preliminary objections "solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered[.]" ***Id.*** "All material

facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true." **Id.**

This Court's standard of review of orders sustaining Preliminary Objections in the nature of a demurrer is well-settled.

> In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt.

**Donaldson v. Davidson Bros., Inc.**, 144 A.3d 93, 100 (Pa. Super. 2016) (citation omitted). The trial court's decision to grant or deny a demurrer involves a matter of law; therefore, "our scope of review is plenary, allowing us to review the whole record." **Mistick, Inc. v. Northwestern Nat. Cas. Co.**, 806 A.2d 39, 41 (Pa. Super. 2002) (citation omitted).

Moreover, in cases such as this, where the trial court sustains the Preliminary Objections and dismisses the Complaint with prejudice, we must also review whether the trial court abused its discretion by not permitting the plaintiff to amend the Complaint and cure the deficiencies that the trial court found in the Preliminary Objections. **See Hill**, 85 A.3d at 557. Such a review involves a determination of whether there is a "reasonable

possibility" that the plaintiff can allege facts that cure the deficiency in the Complaint:

> Even where a trial court sustains preliminary objections on their merits, **it is generally an abuse of discretion to dismiss a complaint without leave to amend**. There may, of course, be cases where it is clear that amendment is impossible and where to extend leave to amend would be futile. However, the right to amend should not be withheld where there is **some reasonable possibility** that amendment can be accomplished successfully. In the event a demurrer is sustained because a complaint is defective in stating a cause of action, if it is evident that the pleading can be cured by amendment, a court may not enter a final judgment, but must give the pleader the opportunity file an amended pleading.

*Id.* (citation omitted, emphasis in original and added).

**Basis for Sustaining Preliminary Objections**

In this case, the trial court sustained the Preliminary Objections because the Appellant failed to allege properly that Chester had a "duty" to the Appellant's decedent and that Chester "caused" the death of the Appellant's decedent.

<u>Preliminary Objections Regarding Duty</u>

We agree with the trial court that Appellant failed to allege in the Complaint sufficient facts demonstrating that Chester owed a duty to Appellant. We disagree, however, with the trial court's decision to dismiss the claims against Chester with prejudice. We find that there is a "reasonable possibility" that Appellant can plead facts that could establish

that Chester had a duty to Appellant's decedent and the trial court should have permitted Appellant to amend the Complaint.

Our Supreme Court has held that, "where a party to a contract assumes a duty to the other party to the contract, and it is foreseeable that a breach of that duty will cause injury to some third person not a party to the contract, the contracting party owes a duty to all those falling within the foreseeable orbit of risk of harm." *Doyle v. South Pittsburgh Water Co.*, 199 A.2d 875, 878 (Pa. 1964); *see also Evans v. Otis Elevator Co.*, 168 A2d 573 (Pa. 1961) (holding the law imposes a duty on third persons who are not a party to a contract, but the very nature of the contractual undertaking places himself in a position to perform the contract in such a manner that strangers to the contract will not be injured).

Although the trial court cited to these cases, it failed in its Opinion to analyze their applicability in determining whether the more than ten-year arrangement between Chester and the Governmental Agencies, in which Chester provided professional services to them, imposed a duty on Chester to third parties injured as a result of the allegedly negligent provision of professional services. Rather, the trial court appears to distinguish these cases to find that Appellant cannot establish causation.

We agree with the trial court that the claims against Chester in the Complaint are not legally sufficient to establish that Chester owed a duty to Appellant. We find, however, a "reasonable possibility" that agreement

between Chester and the Governmental Agencies was memorialized in a contract, and the terms of such contract could create a duty to third parties, such as Appellant's decedent, who was injured by the allegedly negligent provision of such professional services. Since there is a "reasonable possibility," we conclude that the trial court erred in not permitting Appellant to amend the Complaint to assert such claims and, thus, plead a duty under the principles set forth in **Evans**, **supra***.*

Preliminary Objections Regarding Causation

Appellant also argues that the trial court erred in sustaining Chester's Preliminary Objections based upon the court's conclusion that Appellant failed to sufficiently plead a causal connection between Chester's failure to warn the Governmental Agencies of the presence of a hazardous condition and the death of Appellant's decedent. Appellant's Brief at 7. We agree with Appellant. This issue raises a question of fact; therefore, the trial court must make all inferences in the allegations in the Complaint in favor of the Plaintiff. Concluding that the trial court did not view the allegations in the Complaint in Appellant's favor, we reverse the trial court on its decision to sustain this Preliminary Objection.

This Court has held that "[w]hether a defendant's conduct has been a substantial factor in causing plaintiff's harm is ordinarily a question of fact for the jury." **Rabutino v. Freedom State Realty Co., Inc.**, 809 A.2d 933, 941 (Pa. Super. 2002) (citation and quotation marks omitted).

In concluding that Appellant failed to allege causation, the trial court took notice of Appellant's "painstaking[] descri[ption] of a history of notice and neglect with respect to conditions on Washington Boulevard." Trial Ct. Op. at 11. From this, the trial court concluded that Chester could not have caused the death of Appellant's decedent because the Governmental Agencies "were fully aware of dangerous conditions that they chose not to abate" and they would not have relied upon any report that Chester provided. Trial Ct. Op. at 11-12.

The inference that the Governmental Agencies would not have relied upon Chester's reports is not only an inference **against** the allegations in the Complaint, but is also a factual finding. Since the trial court, in reviewing Preliminary Objections, must make all inferences from the allegations in favor of the plaintiff, the trial court erred in making an inference against Appellant. Moreover, the issue of the degree to which, if at all, the Governmental Agencies would have relied on Chester's recommendations is a question of fact and may only be determined after discovery. We, therefore, find that the trial court erred as a matter of law in finding the Complaint legally insufficient as to causation. Thus, we reverse the trial court's decision sustaining this Preliminary Objection.

For the foregoing reasons, we affirm the Order in part, reverse the Order in part, and remand with instructions to permit the Appellant to amend the claims in the Complaint against Chester.

Order affirmed in part and reversed in part. Case remanded with instructions. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/2016